UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOESEPH MERMELSTEIN,

                Plaintiff,                         **REPORT AND RECOMMENDATION**
                                                                                  19-CV-00312(GRB)(JMW)

       *-against-*

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION,

                Defendant.
-----------------------------------------------------------------X

**WICKS,** Magistrate Judge:

      Plaintiff Joeseph Mermelstein commenced this action against Defendant United States Department of Justice, Bureau of Investigation, alleging that Defendant was, and still is, wrongfully withholding documents that Plaintiff properly requested pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* On March 19, 2021, the Honorable Gary R. Brown referred Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, as well as Plaintiff's cross-motion for an *in camera* review of the withheld documents, to the undersigned for a Report and Recommendation. (Electronic Order dated Mar. 19, 2021.) The undersigned subsequently issued that Report and Recommendation (the "initial Report and Recommendation"), recommending that Defendant's motion be granted in part and that Plaintiff's cross-

1

motion for *in camera* review be denied. (DE 30 at 2, 24.) Because it could not be ascertained whether Defendant properly withheld documents purportedly protected by a court sealing order, the undersigned recommended to Judge Brown that Defendant be given fourteen days to provide additional information to support that withholding. (*Id.* at 22, 24.)

After adopting the initial Report and Recommendation in its entirety, Judge Brown referred the matter to the undersigned for an additional Report and Recommendation on the outstanding portion of the parties' motions regarding the propriety of Defendant's withholding of documents based on the court sealing order. (Electronic Order dated Aug. 19, 2021.) In its further review of the sealing order at issue, Defendant "determined that the . . . sealing order would no longer prohibit the withholding of the[] [fifty-three] pages of materials from Plaintiff" and released to Plaintiff twenty-two of those pages in full and the remaining thirty-one pages partially redacted. (DE 37 at 1.) To support the partial redaction of these documents, Defendant relied on FOIA Exemptions 6 and 7(C) to protect FBI agent information for seven documents, and relied on FOIA Exemptions 6, 7(C), and 7(D) to protect confidential source information for twenty-four documents. (*Id.*) In light of this development, the Court directed the parties to file supplemental briefing limited to the propriety of the partial withholding of these documents originally claimed to be protected by court order. (DE 41.) For the reasons that follow, the undersigned

recommends that Defendant's motion for summary judgment now be granted in its entirety and that Plaintiff's motion for *in camera* review of all withheld documents be denied in its entirety.[1]

## DISCUSSION

In its supplemental briefing, Defendant reiterates its reliance on FOIA Exemptions 6, 7(C), and 7(D) in its partial withholding of FBI agent and confidential source information in thirty-one of the documents originally protected by court order. (DE 43.) In opposition, Plaintiff echoes the arguments made in his original opposition papers, namely that Defendant acted in bad faith by "purging" the Central Record System ("CRS") of all records related to the criminal investigation of Plaintiff, and that Defendant conducted an inadequate search for the requested records because it refused to review the Electronic Service System ("ELSUR") or its paper record system.

The Court need not look further than FOIA Exemption 7(C) to resolve this remaining dispute. As detailed in the initial Report and Recommendation,[2] FOIA Exemption 7(C) permits the withholding of names and identifying information of

---

[1] Because Plaintiff's objections to the initial Report and Recommendation remain outstanding (DE 36), the undersigned incorporates by reference the initial Report and Recommendation into this decision to afford Judge Brown the opportunity to address all of the issues and objections at one time.

[2] For a more robust recitation of the legal standards related to FOIA Exemptions 6, 7(C), and 7(D)—as well as others—reference is made to the initial Report and Recommendation. (*See generally* DE 30.)

3

both law enforcement agents and confidential sources alike. (DE 30 at 13–14.) The Second Circuit has explained that this exemption is rooted in principles of privacy, and thus exists to protect individuals from embarrassment and harassment. *Halpern v. F.B.I.*, 181 F.3d 279, 296–97 (2d Cir. 1999).

In support of its partial withholding of FBI agent and confidential source information in the thirty-one documents at issue, Defendant submits a supplemental *Vaughn* index, providing Plaintiff and the Court a momentary peek behind the curtain. (DE 43-1.) The *Vaughn* index establishes the nature of the partially withheld documents—signed search warrants and an affidavit in support of the search warrants—all of which ordinarily include such private, identifying information of agents and confidential informants that Exemption 7(C) exists to protect. (*Id.*; *see Halpern*, 181 F.3d at 296–97.) The Court finds Plaintiff's arguments of bad faith and inadequate search unpersuasive for the same reasons outlined in the initial Report and Recommendation. (*See* DE 30 at 6–8 (reviewing the law on bad faith and adequacy of search and concluding that Plaintiff's arguments were baseless)). In short, Defendant properly withheld the names and identifying information of FBI agents and confidential sources in the thirty-one documents at issue.

## **CONCLUSION**

For the foregoing reasons, as well as those stated in the initial Report and Recommendation (DE 30), the undersigned respectfully recommends that Defendant's motion for summary judgment be granted in its entirety, and that Plaintiff's cross-motion for an *in camera* review of the withheld documents be denied in its entirety.

## **OBJECTIONS**

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation as well as objections to the initial Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see*

*Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:    Central Islip, New York
             March 4, 2022

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge